Jonathan A. Stieglitz, Esq.
THE LAW OFFICES OF JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Tel: (323) 979-2063
Fax: (323) 488-6748
Email: jonathan.a.stieglitz@gmail.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| RENE BRIDDLE,<br><br>              Plaintiff,<br>  v.<br><br>WIN CHEVROLET, INC.,<br><br>              Defendant. | Civil No.<br><br>**<u>CIVIL ACTION COMPLAINT</u>**<br>**<u>and</u>**<br>**<u>DEMAND FOR JURY TRIAL</u>** |

## INTRODUCTION

1. Plaintiff, Rene Briddle, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") against Defendant WIN CHEVROLET, INC. (hereinafter "Win Chevrolet") for knowingly and intentionally procuring her credit report despite having no permissible purpose for accessing such reports.

2. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

COMPLAINT – 1

3. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.
4. Defendant regularly conducts business within the state of California and violated Plaintiff's rights under the FCRA in the state of California as alleged more fully below.
5. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendant conducts business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

6. Plaintiff, Rene Briddle ("Plaintiff") is a resident of Cypress, California and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).
7. Defendant Win Chevrolet is a car dealership, with its principal office located at 2201 E 223rd St, Carson, CA 90810.

## FACTUAL ALLEGATIONS

8. Plaintiff has previously applied for a vehicle loan through the Defendant's dealership.
9. In approximately March of 2022, the Plaintiff's husband attempted to apply for a car loan.
10. The Plaintiff's husband accordingly submitted an application to the Defendant, listing only the Plaintiff's husband as the applicant.
11. The Plaintiff herself was specifically not listed as an applicant anywhere on the loan application.

COMPLAINT – 2

12. The Defendant's representative nevertheless decided to pull the Plaintiff's credit as well, despite not being asked or authorized by the Plaintiff to do so.

13. The Defendant then accessed and pulled the Plaintiff's credit on several occasions without the Plaintiff's request or authorization, including on April 21, 2022.

14. When confronted over these unauthorized credit pulls, the Defendant's representative admitted that they used Plaintiff's information for this car loan application because they already had it on file.

15. The unauthorized credit pulls on the Plaintiff's credit report harmed and damaged the Plaintiff, by lowering her credit score, by invading her privacy, as well as by causing her anger, frustration and emotional distress.

16. The Defendant had no permissible purpose for procuring the Plaintiff's credit reports or for viewing the Plaintiff's private, personal and confidential information.

17. As the result of its violations of the FCRA, Defendant is liable to Plaintiff for statutory, actual and punitive damages, as well as attorneys' fees and costs.

18. As a result of Defendant's conduct, Plaintiff has suffered concrete injuries. In addition to having her privacy invaded, Plaintiff has had his personal

identifying and account-related information unnecessarily disseminated to the Defendant.

19. Defendant, at all times relevant hereto, was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

### COUNT I
### 15 U.S.C. § 1681b(a)

20. Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

21. Defendant is a "person" as defined by sections 1681a(b) of the FCRA.

22. Plaintiff is a "consumer" as defined by section 1681a(c) of the FCRA.

23. The above-mentioned report is a "consumer report" as defined by section 1681a(d) of the FCRA.

24. Section 1681b(f) of the FCRA provides as follows:

A person shall not use or obtain a consumer report for any purpose unless—

> (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

> (2) the purpose is certified in accordance with section with section 1681e of this title by a prospective user of the report through a general or specific certification.

25. Section 1681b(a)(3) of the FCRA provides a list of permissible purposes:

> (a) In general. Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:
>
> ...
>
> (3) To a person which it has reason to believe—
>> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer;
>>
>> ...
>>
>> (F) otherwise has a legitimate business need for the information—
>>> (i) in connection with a business transaction that is initiated by the consumer; or
>>> (ii) to review an account to determine whether the consumer continues to meet the terms of the account.

26. As detailed above, Defendant obtained the Plaintiff's Transunion credit report on several occasions, including on April 21, 2022 without any permissible purpose for obtaining that credit report.

27. Pursuant to section 1681n and 1681o of the FCRA, Defendant is liable for willfully and negligently violating section 1681b(f) by obtaining a consumer report without a permissible purpose.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

COMPLAINT – 5

A. That judgment be entered in favor of the Plaintiff against Defendant for statutory damages, actual damages and punitive damages for violation of 15 U.S.C. § 1681b(a), pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

B. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and,

C. That the Court grant such other and further relief as may be just and proper, including but not limited to any equitable relief that may be permitted.

## TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

Dated: July 18, 2022

Respectfully submitted,

/s/ Jonathan A. Stieglitz
Jonathan A. Stieglitz, Esq.
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Tel: (323) 979-2063
Fax: (323) 488-6748
Email: jonathan.a.stieglitz@gmail.com
Attorneys for Plaintiff